REQUESTED BY: Senator Merton L. Dierks Nebraska State Legislature Mary Harding, Executive Director Nebraska Environmental Trust
Neb. Rev. Stat. §§ 2-5304 and 2-5305 (Cum. Supp. 2000) provide that the Director of Natural Resources, in consultation with the carbon sequestration advisory committee, shall conduct an assessment of agricultural lands in Nebraska for past carbon sequestration and future carbon sequestration potential, shall prepare a report to the Legislature on or before December 1, 2001, and shall publish a report of the findings on or before January 1, 2002. Senator Dierks has introduced LB 804 which would amend these statutes so as to provide that these duties of the Director of Natural Resources are "permissive rather than mandatory." Introducer's Statement of Intent, LB 804, dated January 30, 2001.
In your opinion request letter you state that an environmental trust grant has been requested to partially fund the assessment and reports, but that the Environmental Trust Board is concerned that provisions of Neb. Rev. Stat. § 81-15,176 (Cum. Supp. 2000) "may prohibit funding of projects that are mandated by statute." You ask for our opinion on the meaning of § 81-15,176(2)(a) and whether the Environmental Trust Board would be in violation of this provision by funding the grant request submitted by the Director of Natural Resources.
Neb. Rev. Stat. § 81-15,176(2)(a) provides that: "[T]he board shall establish criteria for determining the eligibility of projects for grant assistance, which criteria shall include the following: (a) The grants shall not provide direct assistance to regulatory programs or to implement actions mandated by regulations except remediation; . . ." The same language is found in regulations promulgated by the Environmental Trust Board at 137 NAC 4 § 001.06, 001.07, 007.01 and 007.02. In our view, this statute and these regulations do not prohibit the Environmental Trust Board from funding the grant proposal submitted by the Director of Natural Resources.
First, it does not appear to us that the assessment of agricultural land for carbon sequestration potential and the two reports to be prepared by the Director of Natural Resources constitute a regulatory program as that term is employed in § 81-15,176(2)(a). In the absence of anything indicating to the contrary, statutory language should be given its plain and ordinary meaning. Nickel v. Saline County SchoolDist. No. 163, 251 Neb. 762, 559 N.W.2d 480 (1997). The word "regulate" has been defined to mean "to control, to direct, or govern according to a rule, principle, or system." Webster's New World Dictionary 1197 (2nd College ed. 1982). The duties assigned to the Director of Natural Resources involve gathering data, performing an analysis and providing reports of that information. There is no regulatory aspect to those duties.
Second, the assessment and reports are not mandated by regulations. While the Director of Natural Resources is currently required by statute to conduct an assessment of agricultural lands and provide reports of the findings, we are unaware of any regulations which mandate these duties. Rules and regulations are issued by agencies after following the formal procedure set forth in the Administrative Procedure Act. Neb. Rev. Stat. §§ 84-901 to 84-920 (1999). To our knowledge, no regulations have been promulgated pursuant to Neb. Rev. Stat. §§ 2-5304 and 2-5305.
In conclusion, it is our opinion that Neb. Rev. Stat. §81-15,176(2)(a) does not prohibit the Environmental Trust Board from funding the grant proposal submitted by the Director of Natural Resources and that the Board may approve the grant proposal if it chooses to do so after consideration of all relevant criteria.
 Sincerely, DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General